IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Thomas Lee Downs, Jr., ) | |
| ) | Cr. No. 6:02-341 |
| Movant, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Movant Thomas Lee Downs is an inmate in custody of the Bureau of Prisons. He currently is housed at FCI-Fort Dix, Joint Base MDL, New Jersey. On June 24, 2016, Movant, proceeding pro se, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence.[1] Respondent United States of America filed a response in opposition on September 6, 2016, to which Movant, who is now represented by counsel, filed a reply on April 18, 2017. Respondent filed additional attachments to its response on May 8, 2017.

FACTS AND PROCEDURAL HISTORY

On May 27, 2003, Movant pleaded guilty to distribution and possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Counts 1 and 2), and distribution and possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count 3). A presentence investigation report (PSR) was prepared by the United States Probation Office (USPO). The PSR noted that, among other offenses, Movant has state court drug convictions for distribution of cocaine, transportation of cocaine, trafficking in

---

[1] Movant also filed a § 2255 motion on March 28, 2005. The court granted summary judgment in favor of Respondent on February 22, 2006. Movant obtained authorization from the Court of Appeals for the Fourth Circuit to file a second or successive § 2255 motion on June 22, 2016. See ECF No. 48.

cocaine, and conspiracy to distribute cocaine for which he was sentenced on May 3, 1989. The PSR further noted that Movant has a state court conviction for assault and battery of a high and aggravated nature (ABHAN) for which he was sentenced in 1998. Movant's criminal history score was four, to which two points were added because Movant committed the federal drug offenses while on state probation, for a total of six and a criminal history category of III. However, because Movant has two prior felony convictions involving a crime of violence or a controlled substance offense, Movant was denominated as a career offender. Movant's criminal history category became VI. See U.S.S.G. § 4B1.1.

The PSR attributed 122.1 grams of cocaine to Movant, for a base offense level of 32. Because Movant was considered to be a career offender, he received an adjusted offense level of 37. See U.S.S.G. § 4B1.1(a). Movant received a three-level reduction for acceptance of responsibility. His total offense level became 34. Movant's guidelines range was 262 to 327 months imprisonment. Movant was sentenced to incarceration for a period of 262 months.[2] Judgment was entered on August 25, 2003. The Court of Appeals for the Fourth Circuit affirmed. United States v. Downs, 91 F. App'x 311 (4th Cir. 2004).

Movant contends he is not a career offender pursuant to Johnson v. United States, 570 U.S. 521 (2015), wherein the Supreme Court found the "residual clause" of the Armed Career Criminal Act to be unconstitutionally vague.[3] Relying on Johnson, Movant argues his conviction for ABHAN no longer is considered to be a violent felony. See United States v. Hemingway, 734 F.3d 323, 335

---

[2] Absent his career offender status, Movant's total offense level would have been 29 and his criminal history category III, for a guidelines range of 108-135 months.

[3] The Supreme Court made Johnson retroactive on collateral review in Welch v. United States, 136 S. Ct. 1257 (2016).

(4th Cir. 2013). Because <u>Hemingway</u> does not apply retroactively to grant Movant relief, Movant further contends that his conviction for ABHAN falls under the "residual clause" of U.S.S.G. § 4B1.2, which contains similar language as that found unconstitutional in <u>Johnson</u>. According to Movant, ABHAN cannot serve as a predicate offense and he is entitled to resentencing.

DISCUSSION

A Movant may bring a claim within one year of the date on which a right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. § 2255(f)(3). As relevant here, in <u>Johnson</u> the Supreme Court addressed the Armed Career Criminal Act of 1984 (ACCA), which mandates an enhanced sentence for an offender convicted of being a felon in possession of a firearm if the offender has three or more convictions for a serious drug offense or violent felony. Under 18 U.S.C. § 924(e)(2)(B), the term "violent felony" means

> any crime punishable by imprisonment for a term exceeding one year . . . that–
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

In <u>Johnson</u>, the Court determined that the language known as the residual clause–i.e., "or otherwise involves conduct that presents a serious potential risk of physical injury to another"–is unconstitutionally vague.

Movant received an enhanced sentence not under the ACCA, but under the United States Sentencing Guidelines, which define a "crime of violence" as

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year that—

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a). As with the ACCA, the clause beginning with "or otherwise" in this definition is known as the residual clause.

In <u>Beckles v. United States</u>, 137 S. Ct. 886 (2017), the defendant argued that his conviction for unlawful possession of a firearm fell under the residual clause of § 4B1.2(a), and that the Guidelines' residual clause was unconstitutionally vague under <u>Johnson</u>. The Court found, however, that

> the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

<u>Beckles</u>, 137 S. Ct. at 893.

The holding in <u>Beckles</u> still does not resolve the issue raised by Movant. The <u>Beckles</u> Court repeatedly distinguished between the advisory nature of the sentencing guidelines subsequent to <u>United States v. Booker</u>, 543 U.S. 220 (2005), and the mandatory nature of the guidelines prior to <u>Booker</u>, and declined to address the question of whether pre-<u>Booker</u> sentences can be challenged as unconstitutionally vague. <u>Beckles</u>, 137 S. Ct. at 903 n.4 (Sotomayor, J., concurring).

Movant was sentenced in 2003 pursuant to the mandatory guidelines scheme pre-<u>Booker</u>. The question becomes, then, whether a different result appertains when <u>Johnson</u> is applied to the pre-<u>Booker</u> sentencing guidelines.

This precise issue recently was addressed by the Fourth Circuit in United States v. Brown, 868 F.3d 297 (4th Cir. 2017). The Fourth Circuit observed that the Supreme Court's ruling in Beckles foreclosed the defendant's argument that Johnson "explicitly invalidated all residual clauses with wording similar to [the] ACCA's invalidated residual clause." Brown, 868 F.3d at 300. The Fourth Circuit determined that the right recognized in Johnson and made retroactive by Welch applied only to the ACCA's residual clause. The Fourth Circuit explained:

> Johnson only recognized that [the] ACCA's residual clause was unconstitutionally vague[;] it did not touch upon the residual clause at issue here. Likewise, Beckles only recognized that the advisory Sentencing Guidelines are not amenable to vagueness challenges. In a future case, the Supreme Court may agree with an argument similar to [Brown's] that because the challenged residual clause looks like [the] ACCA and operates like [the] ACCA, it is void for vagueness like [the] ACCA.

Brown, 868 F.3d at 303 (internal citations omitted).

The court is constrained to conclude that Movant's § 2255 claim under Johnson is without merit. In so doing, the court takes note that Chief Justice Roger L. Gregory dissented to the holding in Brown, and that the First Circuit criticized Brown in Moore v. United States, 871 F.3d 72 (1st Cir. 2017). Accordingly, the court will issue a certificate of appealability.

## CONCLUSION

For the reasons stated, Movant's § 2255 motion is **denied and dismissed** as untimely under 28 U.S.C. § 2255(f)(3) and without merit under Johnson.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district

5

court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that Movant has made the requisite showing for the reasons set forth hereinabove. Accordingly, the court **grants** a certificate of appealability.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

January 24, 2018